UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK DENNARD KIRKLAND, JR.,

    Plaintiff,

v.                                            Case No. 8:25-cv-1384-WFJ-NHA

OFFICER DEVONTAE TORRES,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on Officer Devontae Torres's motion to dismiss Derrick Dennard Kirkland, Jr.'s *pro se* civil-rights complaint. (Doc. 25). Mr. Kirkland filed a response in opposition. (Doc. 27). For the reasons stated below, Officer Torres's motion to dismiss is **GRANTED in part** and **DENIED in part**.

**I.    Background**

For purposes of this motion, the Court accepts Mr. Kirkland's factual allegations as true. During "shower time" on March 3, 2025, Officer Torres approached Mr. Kirkland's cell at Hardee Correctional Institution. (Doc. 1 at 4, 6). Officer Torres allegedly asked whether Mr. Kirkland would masturbate "for him tonight" in the shower. (*Id.* at 6). Mr. Kirkland replied, "I'm not gay. No[,] I will not be coming out in my boxers." (*Id.*) Officer Torres said, "I can make your time hard or easy[;] it's your choice." (*Id.*) Another prison official, Officer Copp, approached the cell and told Mr. Kirkland that he could wear his "blue shorts" when he showered. (*Id.*)

Mr. Kirkland made his way to the "upstairs" shower. (*Id.*) Officer Torres entered the shower, looked at Mr. Kirkland, and became angry, saying, "Oh f*ck n*gga you going on strip." (*Id.*) "Strip" refers "to a process whereby inmates are placed on 72-hour property restriction, thereby 'stripped' of their personal belongings (often including bedding) as a form of discipline." (Doc. 25 at 2 n.1). Officer Torres explained that Mr. Kirkland was "going on strip for coming out for shower and not showing dat dick." (Doc. 1 at 6). Mr. Kirkland responded that he "would be reporting [Officer Torres] for sexual harassment." (*Id.*) Officer Torres then "scream[ed] at the top of his lungs": "Oh f*ck n*gga now I finna take all your sh*t[;] you going on strip[,] snitch ass." (*Id.*) Officer Torres proceeded to remove all of Mr. Kirkland's personal property from his cell and place him in a strip cell. (*Id.*) For the next eight days, Mr. Kirkland slept on a metal bed frame with no mattress, which caused him to suffer pain in his back and "spinal area." (*Id.*) Mr. Kirkland's property was never returned to him. (*Id.*)

According to Mr. Kirkland, "sexual harassment" by Officer Torres had been "going on for months." (*Id.*) Specifically, Officer Torres "demanded that [Mr. Kirkland] masturbate . . . every shower night" for months. (Doc. 27 at 4). Mr. Kirkland alleges that he was "repeatedly required to masturbate against his will" on these occasions.[1] (*Id.*)

---

[1] This allegation is contained in Mr. Kirkland's opposition to the motion to dismiss. "A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *see also Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("[A] district court errs in failing to consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss."). Accordingly, the Court considers the allegations in Mr. Kirkland's opposition in ruling on the motion to dismiss. *See Williams v. Mercado*, No. 3:16-cv-689-MMH-PDB, 2018 WL 467232, at *4 n.5 (M.D. Fla. Jan. 18, 2018) (holding that, "[i]n light of [plaintiff's] *pro se* status," the court would "consider [p]laintiff's newly asserted allegations" in his opposition to motion to dismiss); *Gueh v. Green*, No. 5:15-cv-386-CAR-CHW, 2016 WL 7757273, at *3 (M.D. Ga. Dec. 2, 2016) (noting that "[c]ourts in this Circuit have

Mr. Kirkland sues Officer Torres in his individual capacity, alleging that his conduct violated the Eighth Amendment. (Doc. 1 at 2, 6). Mr. Kirkland also refers to "retaliation," which the Court interprets as an attempt to assert a First Amendment retaliation claim against Officer Torres.[2] (*Id.* at 8). Liberally construed, the complaint alleges that (1) Officer Torres violated the Eighth Amendment by sexually abusing Mr. Kirkland, (2) Officer Torres violated the Eighth Amendment by subjecting Mr. Kirkland to unconstitutional conditions in the strip cell, and (3) Officer Torres violated the First Amendment by placing Mr. Kirkland on strip status in retaliation for his threat to report Officer Torres's alleged sexual abuse. As relief, Mr. Kirkland seeks $200,000 in punitive damages, $200,000 in compensatory damages, and an "injunction barring" Officer Torres from "continuing his sexual harassment." (*Id.* at 5).

## II.   Standard of Review

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration

---

consistently held that additional facts presented in *pro se* responses to motions to dismiss . . . may be reviewed by the court"), adopted by 2017 WL 151396 (M.D. Ga. Jan. 13, 2017).

[2] Mr. Kirkland does not expressly assert a First Amendment retaliation claim, but the federal rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

should be limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## III. Analysis

Officer Torres moves to dismiss the complaint, arguing that (1) Mr. Kirkland fails to state an Eighth Amendment claim, (2) qualified immunity bars Mr. Kirkland's Eighth Amendment claim, and (3) Mr. Kirkland's "claims for compensatory and punitive damages fail" under the Prison Litigation Reform Act ("PLRA"). (Doc. 25). After careful review, the Court concludes that Mr. Kirkland states a plausible Eighth Amendment claim against Officer Torres for sexual abuse. At this stage of the litigation, Officer Torres is not entitled to qualified immunity for the alleged sexual misconduct. Mr. Kirkland fails, however, to state an Eighth Amendment claim based on the conditions in his strip cell. Next, Mr. Kirkland adequately alleges that Officer Torres retaliated against him in violation of the First Amendment.[3] Finally, the PLRA does not require dismissal of Mr. Kirkland's damages requests at the pleading stage.

### A. Eighth Amendment—Sexual Abuse

"Qualified immunity offers complete protection for individual public officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[3] In his motion to dismiss, Officer Torres does not address Mr. Kirkland's First Amendment retaliation claim. (Doc. 25). But because Mr. Kirkland is a prisoner suing a government official and has been granted leave to proceed *in forma pauperis*, the Court has an independent obligation to screen his complaint. *See* 28 U.S.C. §§ 1915(e), 1915A.

known." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012). To receive qualified immunity, an official must first "establish that he or she acted within the scope of discretionary authority when the allegedly wrongful acts occurred." *Robinson v. Sauls*, 46 F.4th 1332, 1340 (11th Cir. 2022). Once this showing is made, the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation. *Id.* at 1340-41. Thus, a motion to dismiss on qualified immunity grounds "will be granted if the complaint fails to allege the violation of a clearly established constitutional right." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

Mr. Kirkland does not dispute that Officer Torres acted within the scope of his discretionary authority at all relevant times. Accordingly, the Court considers whether the complaint sufficiently alleges that Officer Torres violated Mr. Kirkland's clearly established constitutional rights by subjecting him to sexual abuse.

"[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." *Sconiers v. Lockhart*, 946 F.3d 1256, 1266 (11th Cir. 2020) (citation omitted). Sexual abuse of "a prisoner by a prison official in violation of the Eighth Amendment occurs when the prison official, acting under color of law and without legitimate penological justification, engages in a sexual act with the prisoner, and that act was for the official's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *DeJesus v. Lewis*, 14 F.4th 1182, 1196 (11th Cir. 2021). "At a minimum, those sexual acts include intentional sexualized touching underneath clothing, such as fondling or penetration; coerced sexual activity; combinations of ongoing

harassment and abuse; and exchanges of sexual activity for special treatment or to avoid discipline." *Id.* This "may include conduct that does not require any physical contact with a prisoner." *Id.* at 1197 n.14.

Mr. Kirkland states a plausible Eighth Amendment claim based on Officer Torres's alleged sexual abuse. According to Mr. Kirkland, Officer Torres "repeatedly required him to masturbate against his will" during shower nights. (Doc. 27 at 4). For example, on March 3, 2025, Officer Torres allegedly asked whether Mr. Kirkland would "jack [his] dick for him." (Doc. 1 at 6). When Mr. Kirkland refused, Officer Torres allegedly said, "I can make your time hard or easy[;] it's your choice." (*Id.*) Officer Torres later spotted Mr. Kirkland in the shower and said that he would place Mr. Kirkland on strip status for refusing to display his penis. (*Id.*) Officer Torres followed through on his threat, allegedly removing Mr. Kirkland's personal property and placing him in a strip cell. (*Id.*) Taken as true, these allegations plausibly suggest that Officer Torres subjected Mr. Kirkland to "ongoing harassment and abuse" for his own "sexual gratification." *DeJesus*, 14 F.4th at 1196. Of course, such alleged conduct has no "legitimate penological justification." *Id.* Thus, Mr. Kirkland plausibly alleges that Officer Torres violated the Eighth Amendment by subjecting him to "severe or repetitive sexual abuse." *Sconiers*, 946 F.3d at 1266.

The question thus becomes whether, "at the time of the alleged conduct," Officer Torres violated "clearly established law." *Mikko v. City of Atlanta*, 857 F.3d 1136, 1146 (11th Cir. 2017). The answer to that question is yes, assuming, as the Court must, that Mr. Kirkland's allegations are true. "A plaintiff may show that a right was clearly established through: (1) case law with indistinguishable facts clearly establishing the constitutional

right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Prosper v. Martin*, 989 F.3d 1242, 1251 (11th Cir. 2021).

A "broad statement of principle" controls here. *Id.* "[T]here is no question that [Mr. Kirkland] had a clearly established right to be free from sexual abuse while incarcerated." *Bridges v. Poe*, 155 F.4th 1302, 1313 (11th Cir. 2025). And every reasonable prison official would have known that the conduct alleged in the complaint—repeatedly demanding over a period of months that an inmate masturbate in the shower for the official's sexual gratification—violated the right to be free from sexual abuse. *See Sconiers*, 946 F.3d at 1266 ("[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment."); *see also DeJesus*, 14 F.4th at 1196 (holding that sexual abuse in violation of the Eighth Amendment can include "ongoing harassment and abuse" by prison officials). Thus, at this early stage of the litigation, Officer Torres is not entitled to qualified immunity for the sexual abuse he allegedly inflicted on Mr. Kirkland.

### B. Eighth Amendment—Conditions of Confinement

Mr. Kirkland fails, however, to state a plausible Eighth Amendment claim based on the conditions in his strip cell. To plead a conditions-of-confinement claim, a prisoner must allege that "the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). "The challenged condition must be extreme." *Id.* "[A]t the very least," the condition must "pose[] an unreasonable risk of serious damage to [the prisoner's] future health or safety." *Id.* "The

Eighth Amendment thus guarantees that prisoners will not be deprive[d] . . . of the minimal civilized measure of life's necessities." *Id.*

Mr. Kirkland appears to allege that his placement in the strip cell violated the Eighth Amendment because he lacked a mattress for eight days. (Doc. 1 at 6). Without a mattress, Mr. Kirkland was forced to sleep on a metal bed frame, suffering "pain in [his] back and spinal area" as a result. (*Id.*) But sleeping on a steel bed without a mattress for eight days, "though uncomfortable, is not so extreme as to violate contemporary standards of decency." *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (rejecting Eighth Amendment claim based on allegation that plaintiff slept on "a steel bed without a mattress for eighteen days"); *see also Moultrie v. Edwards*, No. 24-12887, 2025 WL 2621830, at *3 (11th Cir. Sept. 11, 2025) ("Sleeping without a mattress for eighteen days, though uncomfortable, does not amount to wanton and unnecessary pain [in violation of the Eighth Amendment]."). Accordingly, Mr. Kirkland fails to state an Eighth Amendment claim based on the conditions in his strip cell.

### C. First Amendment Retaliation

Mr. Kirkland states a plausible First Amendment retaliation claim against Officer Torres. A prisoner may sue prison officials "who retaliate against him for making" complaints about "the conditions of his confinement." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). To establish a First Amendment retaliation claim, a prisoner must show that "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship

between the retaliatory action and the protected speech." *Williams v. Radford*, 64 F.4th 1185, 1192 (11th Cir. 2023) (citation omitted). Mr. Kirkland sufficiently pleads each element of a retaliation claim.

First, Mr. Kirkland engaged in protected activity when he threatened to "report[]" Officer Torres's alleged sexual abuse. (Doc. 1 at 6; *see also Thomas v. Ga. Dep't of Corr.*, No. 6:18-cv-111, 2019 WL 7562658, at *8 (S.D. Ga. Nov. 25, 2019) (plaintiff stated retaliation claim based on allegation that he was "transferred out of Smith State Prison within hours of informing prison officials he intended to file suit and grievances based on the alleged attack"), *adopted by* 2020 WL 132190 (S.D. Ga. Jan. 10, 2020); *White v. McKay*, No. 18-1473, 2019 WL 5420092, at *2 (6th Cir. June 27, 2019) (plaintiff's "threat to file grievances against the defendants that were not obviously frivolous constituted protected conduct")).

Second, Mr. Kirkland sufficiently alleges that he "suffered adverse action [that] would likely deter a person of ordinary firmness from engaging in" protected activity. *Radford*, 64 F.4th at 1192. According to Mr. Kirkland, Officer Torres retaliated against him by confiscating all of his personal property and placing him in a strip cell for eight days. (Doc. 1 at 6). While in the strip cell, Mr. Kirkland was forced to sleep on a metal bed frame. (*Id.*) Moreover, Mr. Kirkland's property was never returned to him. (*Id.*) These allegations are sufficient to plead an adverse action under the First Amendment. *See Johnson v. Grant*, No. 2:23-cv-577-JES-KCD, 2024 WL 3673600, at *3 (M.D. Fla. Aug. 6, 2024) (prisoner "of ordinary firmness" could be "deter[red]" from filing grievances by placement "on 72-hour property restriction, [denial of] a blanket and toiletries during the

property restriction, refus[al] to return state issued property for an additional five days, and [theft of] some of his personal property"); *see also Radford*, 64 F.4th at 1193 ("[P]lacing an inmate in disciplinary/segregated confinement constitutes an adverse action for purposes of a First Amendment retaliation claim.").

Third, Mr. Kirkland adequately pleads a "causal relationship between the retaliatory action and the protected speech." *Radford*, 64 F.4th at 1192. "To establish causation, the plaintiff must show that the defendant was subjectively motivated to discipline the plaintiff for exercising his First Amendment rights." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). According to the complaint, Mr. Kirkland announced that he "would be reporting [Officer Torres] for sexual harassment." (Doc. 1 at 6). In response, Officer Torres allegedly said he would "take all your sh*t[;] you going on strip, snitch ass." (*Id.*) Officer Torres then carried out the threat. (*Id.*) These allegations plausibly suggest that Mr. Kirkland's "protected conduct"—threatening to report sexual abuse—"was a motivating factor behind" Officer Torres's decision to place him on strip status. *Moton*, 631 F.3d at 1342.

Thus, Mr. Kirkland states a plausible retaliation claim against Officer Torres.[4]

### D. Damages under the PLRA

Finally, Officer Torres argues that Mr. Kirkland is not entitled to recover compensatory or punitive damages under the PLRA. (Doc. 25 at 11). Officer Torres relies

---

[4] As noted above, Officer Torres does not address the First Amendment retaliation claim in his motion to dismiss. (Doc. 25). Thus, the Court need not consider at this stage whether Officer Torres is entitled to qualified immunity for the retaliation claim. *See Shepard v. Davis*, 300 F. App'x 832, 836 (11th Cir. 2008) ("Because Officer Budnick did not assert the defense in his motion to dismiss, the district court should not have injected the issue of qualified immunity into the case *sua sponte*.").

on 42 U.S.C. § 1997e(e), which bars the recovery of damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." These arguments are "procedurally premature" because "[a] motion to dismiss is addressed to a 'claim'—not to a form of damages." *Ostenfeld v. Laundress, LLC*, No. 22-cv-10667-JMF, 2024 WL 967124, at *10 (S.D.N.Y. Mar. 5, 2024); *see also Williams v. Red Mountain Retail, Inc.*, No. 2:24-cv-590-GMB, 2024 WL 3543427, at *2 (N.D. Ala. July 25, 2024) ("[Defendant's] arguments about the damages alleged in the complaint are similarly premature. The law permits the pleading of such damages, even if they may not ultimately be recovered."); *Young v. Danforth*, No. 7:12-cv-10-HL, 2013 WL 3823297, at *3 (M.D. Ga. June 13, 2013) (denying motion to dismiss under the PLRA based on "[p]laintiff's alleged failure to request appropriate damages"). Officer Torres may renew his arguments about damages at a later stage of the litigation.

### IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Officer Torres's motion to dismiss, (Doc. 25), is **GRANTED in part** and **DENIED in part**.

    a. Mr. Kirkland's Eighth Amendment claim based on the conditions in his strip cell is **DISMISSED**.

    b. This action will **PROCEED** on (1) Mr. Kirkland's Eighth Amendment claim against Officer Torres for sexual abuse, and (2) Mr. Kirkland's First Amendment retaliation claim against Officer Torres.

2. Officer Torres must answer the remaining claims in the complaint, (Doc. 1), within **FOURTEEN DAYS** of the date of this order.

**DONE** and **ORDERED** in Tampa, Florida, on December 29, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE